QUESTION: May a board of county commissioners employ the wife of a county court judge to serve as secretary to such judge at no salary or at a nominal salary?
SUMMARY: A board of county commissioners has no authority to employ the wife of a county court judge to serve as his secretary, either with or without compensation. Your question is answered in the negative. While the Antinepotism Law, s. 116.111, F.S., would not prohibit the employment by the county commissioners of a relative of an official to serve as such official's secretary, I can find no authority for the county commissioners to become involved in providing secretarial assistance to a county court judge, either with or without pay. Prior to the revision of the judicial system by revised Article V, many boards of county commissioners employed secretarial help for circuit court judges and paid the salaries of such county employees from county funds. Cf. AGO 073-351. However, the county commissioners had no authority whatsoever over secretarial or clerical positions in the office of the county judge. These positions were filled and the compensation therefor was fixed by the county judge himself under the express authority of s. 36.04, F.S. 1971. Under the new two-tiered state judicial system prescribed by revised Art. V, State Const., as implemented by Chs. 72-404 and 72- 406, Laws of Florida, a county court judge, like a circuit court judge, is now a salaried officer paid from state funds. See s. 34.024, F.S. Unless the state pays such expenses, the county commissioners have the statutory responsibility of providing funds for the operation of the judicial system in their respective counties — including courtroom and office facilities and equipment, and unless provided by the state, support personnel — for both county and circuit courts. See ss. 43.28 and 34.171, F.S.; AGO 072-426. The state has now taken over the payment of the salaries of the secretarial help for circuit and county court judges, AGO 073-351, and state funds have been appropriated therefor for the 1974-1975 fiscal year. See Items 722 and 730 of the 1974 General Appropriations Act, Ch. 74-300, Laws of Florida. Thus, any authority which the county commissioners formerly had to employ secretarial help for circuit court judges and pay the salaries of such help from county funds has now been preempted by the state; and the statutory responsibility which the county commissioners had with respect to financing secretarial help for circuit and county court judges under ss. 43.28 and 34.171, supra, no longer exists under the express terms of the statutes prescribing that duty and responsibility. While a county has broad home rule powers under s.125.01, F.S., the exercise of such powers must necessarily be for a county purpose and, under the Constitution, Art. VIII, s. 1, must be consistent with general law. The employing of a person to fill a position in state employment, for which state funds have been budgeted, would not, in my opinion, be in accord with these basic home rule principles — even if, in the beginning, the county employee should work for a nominal salary or no salary.